PLOTKIN, Judge.
FACTS:
Roger Allen, who has filed suit for divorce against Rita Allen, seeks a court order requiring Mrs. Allen to sign a promissory note guaranteeing a loan of $35,000. The loan will be used to pay income tax liabilities of $40,673, incurred by the couple in 1991. The $5,673 difference will be made up by Roger Allen. The loan is to be repaid over six years with quarterly payments in excess of $2,000. Each party is to pay one-half of the quarterly payments.
The loan will be secured by a $75,000 retirement account funded through Roger Allen’s employment. Because the retirement account is community property both spouses must sign the loan documents and promissory note. The retirement account trustee refuses to grant the loan unless both parties sign the appropriate documents. Rita Allen has refused to sign the documents.
Roger Allen argues that if the loan is not made he will be forced to liquidate a portion of the retirement account to pay the tax liability, thus, the community will have to pay an additional $17,200 in penalties and taxes. These expenses will result from two sources: (1) money taken out of the retirement account is treated as normal income and is therefore subject to taxation and (2) money taken out of the retirement account prematurely is subject to a ten percent penalty.
However, Rita Allen argues that she is unable to afford her share of the quarterly payments, which will exceed $1,000. She works for a printing company and earns approximately $22,000 a year.
LOUISIANA CIVIL CODE ARTICLE 2355—
The trial judge ordered Rita Allen to sign the promissory note. Although much of the discussion took place off the record, apparently the trial judge felt that Roger Allen’s proposal would benefit the community by $17,200 and Rita Allen’s “arbitrary” refusal to sign was the only obstacle to the loan’s implementation.
Although no written reasons were issued, the judge clearly relied on La.C.C. art. 2355 as authority for requiring her to sign the agreement. Article 2355 provides:
A spouse, in a summary proceeding, may be authorized by the court to act without the concurrence of the other spouse upon showing that such action is in the best interest of the family and that the other spouse arbitrarily refuses to concur or that concurrence may not be obtained due to the physical incapacity, mental *792 incompetence, commitment, imprisonment, temporary absence of the other spouse, or because the other spouse is an absent person.
This article is a deviation from the normal requirement that a concurrence between spouses is required to alienate or encumber community property. See La. C.C. art. 2347, 2349, 2350, 2353. The article was designed to dissolve irreconcilable disputes between spouses which, if allowed to continue, would harm the family as a whole.[1]
In order to grant exclusive power to manage the community property to one spouse, the court must find that the other spouse’s dissent is arbitrary or that his consent may not be obtained for one of the enumerated reasons. Then the court must be convinced that the action sought to be taken is in the best interest of the family. The word “family” as used in La.C.C. art. 2355 refers to the immediate family; the father, mother and children. See Official Revision Comment (1979); La.C.C. art. 3506(12).
By the clear language of the article, the court is empowered to authorize one spouse to manage the community exclusively. This power means that the agreements entered into by one spouse will not be relatively null due to the lack of concurrence of the other spouse. La.C.C. art. 2353. Additionally, the agreement entered into will be considered a community, not a separate, obligation. La.C.C. art. 2360.
In the instant case, La.C.C. art. 2355 empowers the court to authorize Roger Allen to manage the community property in such a way as to pay the tax liability. Roger Allen has chosen to encumber the retirement account by taking a loan against it. Thus, La.C.C. art. 2355, via a court order, grants Roger Allen the legal authority to encumber this portion of community property without his wife’s concurrence.
However, even though Roger Allen may be granted the legal authority to encumber the retirement account, the account trustee will not allow him to do so because the trustee requires both spouses’ signatures prior to granting the loan. Facing this dilemma, the trial court decided to go one step further in applying La.C.C. art. 2355. The court, rather than empowering Roger Allen to act alone, which is pointless in this case, ordered Rita Allen to concur with the proposal by signing the promissory note. Nothing in this article permits the court to order the dissenting spouse to agree and comply with the management decisions being undertaken by the other spouse. The fact that the trustee of the account will not grant the loan without both signatures is beyond the ambit of La.C.C. art. 2355. The trial judge, pursuant to art. 2355, cannot order the dissenting spouse to execute the promissory note.
Accordingly, the trial court’s order requiring Rita Allen to sign the promissory note guaranteeing the loan of $35,000 is reversed.
WRIT GRANTED.

. See Spaht & Hargrave, Louisiana Civil Law Treatise: Matrimonial Regimes § 5.9 (1989).